**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

BEVERLY SINBELIAN,

Plaintiff,

v.

2:26-cv-00075-KWR-GJF

RALEIGH NOLAN DAVIS, and
WALMART INC.

Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT WALMART INC.'S MOTION TO DISMISS**

THIS MATTER comes before the Court upon Defendant Walmart Inc.'s Motion to Dismiss **(Doc. 4)**, filed on January 23, 2026. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant Walmart Inc.'s Motion to Dismiss Plaintiff's Complaint[1] is well taken and, therefore, is **GRANTED**.

**BACKGROUND**

The following facts are taken from Plaintiff's Complaint. **Compl., Doc. 1–2.** On January 28, 2025, Plaintiff, Beverly Sinbelian, was at the Walmart located at 1201 E. Pine St., Deming, New Mexico 88030. ***Id.* ¶ 5–6.** Plaintiff alleges that Defendant Davis drove her tan Motorhome

---

[1] The Court notes that Walmart, Inc.'s Motion to Dismiss requests the dismissal of Plaintiff's Complaint *against Walmart*. **Doc. 4 at 3** ("Defendant . . . respectfully requests that the Court dismiss Plaintiff's Complaint against Walmart . . ."). There is an additional Defendant, Raleigh Nolan Davis, who has not filed a motion to dismiss. While the Court grants Walmart Inc.'s Motion to Dismiss, the Court does not dismiss Plaintiff's Complaint as to Raleigh Nolan Davis.

vehicle into the crosswalk, striking Plaintiff who was walking. ***Id.*** Consequently, Plaintiff "has suffered substantial physical and mental injuries." ***Id.* ¶ 7.**

On November 26, 2025, Plaintiff filed a lawsuit seeking damages for personal injuries resulting from the vehicle accident in the 6th District Court, Luna County, New Mexico in Case No. D-619-cv-2025-00412. **Not. of Removal ¶ 1, Doc. 1.** Defendant Walmart Inc. ("Walmart") removed the case under 28 U.S.C. § 1446. ***Id.* ¶ 3.** Walmart invokes diversity jurisdiction under 28 U.S.C. § 1332. ***Id.* ¶ 11, 14.** Walmart's first attempt at demonstrating the grounds for removal did not sufficiently establish an amount-in-controversy. **Order to Amend Not. of Removal, Doc. 25.** After the Court ordered Walmart to establish an amount-in-controversy, Walmart amended its Notice of Removal and now properly invokes this Court's jurisdiction. **Amended Not. of Removal, Doc. 26.** Walmart filed a Motion to Dismiss Plaintiff's Complaint that the Court will now review. **Mot. to Dismiss, Doc. 4.**

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded factual allegations from the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *See Smith v. United States*, 561 F.3d 1090, 1097–1098 (10th Cir. 2009). However, "the four corners of the complaint" mark the boundaries of the allegations the Court uses to determine the outcome of the 12(b)(6) motion to dismiss. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

Pleadings must do more than provide "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is not enough. *Id.* (citation modified). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). The Court "disregard[s] conclusory statements and look[s] only to whether the remaining[] factual allegations plausibly suggest the defendant is liable." *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1066–67 (10th Cir. 2022) (quoting *Khalik v. United Air Lines*, 671 F.3d 1118, 1191 (10th Cir. 2012)).

## DISCUSSION

### I. Plaintiff's Complaint fails to state a claim under Rule 12(b)(6)

Defendant moves for dismissal of Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim. **Mot. to Dismiss, Doc. 4.** The Court finds that Defendant's Motion to Dismiss is meritorious as Plaintiff has failed to state a claim.

Plaintiff's Complaint alleges negligence by Walmart. "[A] negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based on a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Spencer v. Health Force, Inc.*, 2005-NMSC-002, 137 N.M. 64, ¶ 18, 107 P.3d 504 (citation modified). Plaintiff fails to allege sufficient, if any, non-conclusory facts supporting the negligence claim.

Plaintiff fails to connect Walmart to her injuries from the collision besides stating that the accident occurred in the Walmart parking lot at a specific date and time. **Compl. ¶ 6.** Attempting to substantiate her tort claims, Plaintiff quotes from several sources of New Mexico law to establish that Walmart possessed a duty of care towards her. ***See, e.g., Id.*** **¶ 14.** Plaintiff then asserts that her

"injuries and damages were proximately caused by the negligence of Defendant Walmart." ***Id.*** ¶ **16.** Rather than articulating what negligence Walmart engaged in, Plaintiff lists nine conclusory options without factual elaboration. Plaintiff indicates that "one or more of the following alternative theories" applies:

> "a. Failure to properly fix, maintain, remove, or warn of the condition of the area in question; b. Failure to inspect the premises for any hazards; c. Failure to inspect the premises in order to discover the dangerous condition of the area in question; d. Failure to correct the dangerous condition of the area in question; e. Failure to warn visitors, including Plaintiff, that a dangerous condition existed which required extra care to be taken by them when entering or exiting the area when Defendant knew or should have known that the area in question was dangerous; f. Failure to establish and enforce safety rules and regulations for protecting visitors from dangerous conditions; g. Failure to establish and enforce safety rules and regulations to correct the existing dangerous condition; h. Failure to teach and educate its employees on the maintenance of the area in question; i. Other acts of negligence."

***Id.*** While voluminous, the above recitation does not allege what specific negligent acts or omissions occurred. For example, rather than describe how Walmart failed to fix a specific defect in the parking lot, Plaintiff merely writes Walmart could have, but may not have, failed "to properly fix . . . the area in question." ***Id.*** The lack of specific factual allegations amounts to a failure to state a claim.

Plaintiff's lack of specificity persists in her description of her damages. Plaintiff's Complaint alleges she "suffered bodily injuries." ***Id.*** ¶ **18.** Plaintiff does not specify what type of injuries she received or how the injuries resulted from the collision. ***Id.*** Plaintiff only notes that "because of the negligence of Defendants, Plaintiff has suffered pain and suffering." ***Id.*** ¶ **19.** While the Court is sympathetic to any injuries Plaintiff suffered from the collision, Plaintiff's Complaint fails to clearly state what injuries she has suffered from.

Therefore, Plaintiff's Complaint provides insufficient factual allegations for the basic elements of a negligence claim. Simply put, Plaintiff's Complaint says very little about what

Walmart did or failed to do that made her injury worse. The assertion of a date, time, and location, without any specific allegations of actions or omission by Walmart, is not enough.[2]

Plaintiff proposes that the evidence of Walmart's negligence may be exclusively in Walmart's possession. **Pl.'s Resp. at 6, Doc. 7.** Plaintiff, citing no source of law, seems to assert that this information disparity dictates that the Complaint survives the Motion to Dismiss. ***Id.*** Information asymmetry does not typically alter the pleading standard even in situations where it may be difficult for a plaintiff to acquire the necessary information without discovery. *See Khalik*, 671 F.3d at 1191 (noting that asymmetrical access to evidence does not alter the pleading standard required by *Iqbal*); *see also Gee v. Pacheco*, 627 F.3d 1178, 1185, 1190 (10th Cir. 2010) (applying the plausibility pleading standard despite acknowledging the possibility that an information asymmetry may exist). Here, by contrast, claims resulting from a parking lot collision do not raise obvious worries about information asymmetry. It is hard to see why evidence, for example, of a pothole or poor parking lot signage would be exclusively in Walmart's possession. Plaintiff provides no rationale for suggesting there is an information asymmetry. This argument is not compelling.

Additionally, Plaintiff argues that identifying "a myriad of federal and state regulations and statutes that defendants violated through their acts and omissions" is enough to state a claim under Rule 12(b)(6)[3]. **Pl.'s Resp. at 7.** Statutes are not factual allegations. Plaintiff must do more than

---

[2] In the Response, Plaintiff asserts that the allegations are sufficiently specific, e.g., Plaintiff claims that Walmart failed to "properly fix, maintain, remove or warn of the condition in the area in question." **Pl.'s Resp. at 6.** However, as discussed above, Plaintiff omits what Walmart failed to properly fix or what condition Plaintiff is referring to and, therefore, this argument is without merit.

[3] Plaintiff briefly suggests that Walmart's Motion to Dismiss has "procedural improprieties," and labels it a "motion for judgment on the pleadings." **Resp. at 3.** It is unclear what Plaintiff is arguing, but, regardless, Plaintiff concedes that this dispute is irrelevant to the outcome as "[t]he same standard applies." ***Id.*** Thus, Plaintiff's contention that Walmart is pursuing a motion for

list pages of quotations to state a claim and, here, Plaintiff has not done so. A complaint needs "more than labels and conclusions or a formulaic recitation of the elements of a cause of action."[4] *Khalik*, 671 F.3d at 1191.

## II. <u>Alternatively, Plaintiff's attempt to amend her Complaint is insufficient</u>

In Plaintiff's Response, Plaintiff suggests that, if the Court finds the original Complaint inadequate, the Court should grant leave to file an amended complaint. **Pl.'s Resp. at 7.** Both the Federal Rules of Civil Procedure and this Court's Local Rules require a motion to be filed to request leave to amend a complaint. Therefore, the Court will not permit Plaintiff to amend her Complaint.

Under the Federal Rules of Civil Procedure ("Rule") 15, "a party may amend its pleading once as a matter of course no later than . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). If a party misses this deadline, the "party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Generally, a party must make a motion for leave to amend a complaint, and a district court need not offer leave to amend *sua sponte*. Local Rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1. The Tenth Circuit has held that the federal rules also require a motion to be filed. *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (plaintiff "never separately filed a motion with a proposed amended complaint adding those claims, as required by Federal Rule of Civil Procedure 15(a)(2) and District

---

judgment on the pleadings would also not change the Court's understanding of Walmart's Motion to Dismiss.

[4] Plaintiff also contends that this Complaint should not be held to the higher pleading standard like "complex anti-trust (sic) or civil rights" lawsuits. **Pl.'s Resp. at 5.** The Court holds Plaintiff's Complaint only to the typical pleading standard in evaluating a Rule 12(b)(6) motion to dismiss and, as discussed above, Plaintiff's Complaint fails to meet that pleading bar.

of Colorado Rule 15.1(b)."). Rule 7 requires a request for relief to be made by a motion that (1) is in writing, (2) "states with particularity the grounds for seeking the order," and (3) specifies the relief sought. Fed. R. Civ. P. 7(b)(1); *see Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("normally a court need not grant leave to amend when a party fails to file a formal motion").

The Tenth Circuit has held that it is not arbitrary or capricious for a district court to deny leave to amend where a motion for leave to amend was not filed. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) ("We have long held that bare requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court."); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) (court did not abuse discretion in denying leave to amend where party did not file a motion); *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("Appellant did not move the court for leave to amend the complaint and therefore the district judge committed no error in not ruling thereon.").

Here, Plaintiff has not filed a separate motion requesting leave to amend and, consequently, her attempt to amend her Complaint is insufficient under Federal Rule 7 and Local Rule 15.1. Moreover, Plaintiff's bare request in her Response for leave to amend is insufficient. *See Brooks*, 985 F.3d at 1283. Therefore, the Court denies leave to amend the Complaint.

## CONCLUSION

Plaintiff's Complaint fails to state a claim under Rule 12(b)(6) as to Walmart, and the Court denies Plaintiff's request to amend the Complaint. Accordingly, Walmart's Motion to Dismiss **(Doc. 4)** is hereby **GRANTED**.

**IT IS SO ORDERED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE